MERCANTILE TRUST CO. v. BALTIMORE & O. R. CO.

(Circuit Court, E. D. Pennsylvania. March 6, 1897.)

1. RAILROAD RECEIVERS—SETTLEMENT OF CLAIMS.
   The authority given to railroad receivers "to compromise, adjust, and settle, in their best discretion," claims against the railroad company, vested no right in judgment creditors to have their respective claims paid in full.

2. SAME.
   A judgment creditor will not, in general, be allowed to enforce his judgment by sale of property in the hands of a receiver.

3. SAME—ANCILLARY DECREE.
   Even if a circuit court had acted improvidently in including all the property of a railroad company in a receivership, the circuit court of another district will not, by its ancillary decree, except a portion of the property in that district from its operation.

Sur Petition of William Friel and Others.

R. C. Dale and Samuel Dickson, for petitioners.
Wm. H. Addicks, for Railroad Co.

DALLAS, Circuit Judge. The authority given to the receivers "to compromise, adjust, and settle, in their best discretion," claims against the railroad company, vested no right in the petitioners to have their respective claims paid in full. A judgment creditor will not, in general, be allowed to enforce his judgment by sale of property in the hands of a receiver, and nothing is here alleged to distinguish the case of these petitioners from that of any other person who, upon a cause of action previously accrued, recovers judgment after appointment of receivers. I cannot agree that the relief asked by the petitioners should be granted upon the ground that a mistake was made in including all the property of the defendant company in this receivership. Whether such action should

have been taken on the original bill it is not, I think, necessary for me to consider. It is, in my opinion, enough to say, upon the present application and at this time, that such scope having, in fact, been given to the receivership by the circuit court for the district of Maryland, the ancillary decree of this court should not, in effect, be so modified as to except a portion of the property in this district from its operation. These petitioners have no right to immediate payment superior to that of other creditors of the same class, nor to insist that the subsisting order of this court shall be reformed or partially annulled for their benefit. It is important for the interest of creditors generally that between the primary decree, which was made for the benefit of all creditors alike, and that of this court, there should be no material variance, and I have not been convinced that the harmony which now exists should, at this time, be disturbed for the special advantage of particular claimants. The prayer of the petition of William Friel and others is denied.